IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BETTER MOUSE COMPANY, LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>ETEKCITY CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 2:16-cv-270-RSP<br>**(Consolidated Lead Case)**<br><br>**JURY TRIAL DEMANDED** |

### MOTION TO ENTER DISPUTED DISCOVERY ORDER

Pursuant to Dkt. 13, the parties have conferred regarding a proposed Discovery Order. Plaintiff and Defendants were able to reach agreement on all terms of the proposed Discovery Order but one: Plaintiff's proposed section 12(g) authorizing depositions by videoconference and other remote means.

The parties' respective positions on this dispute are presented below. The parties ask that the Court rule on these disputes and enter an appropriate Discovery Order. A proposed Discovery Order (with each side's proposals on the disputed issue) is attached as Exhibit A.

    **A.    Authorization for Depositions by Videoconference or Other Remote Means (Section 12(g))**

*Plaintiff's Position:*

To reduce litigation costs, Plaintiff proposes that the Discovery Order allow the parties to take depositions by videoconference or other remote means pursuant to FRCP 30(b)(4). The defending attorney and other attending persons could appear live or

1

remotely, at their choice. Indeed, Better Mouse's proposal places no restrictions on any party's ability either to take or attend depositions in person at the witness's location.

Absent stipulation, a court order is required to allow a deposition to be taken by telephone or other remote means. *See* FRCP 30(b)(4). Even so, "leave to take depositions by remote electronic means should be granted liberally." *See Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008) (citing *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 431 (M.D.N.C.1986) (granting permission to conduct telephonic deposition) and *Robertson v. Vandt*, No. 1:03–cv–6070, 2007 WL 404896 (E.D. Cal. Feb.2, 2007) (granting request for a deposition by videoconference)). No special justification for a remote deposition need be offered: the simple "desire to save money constitutes a legitimate reason to conduct the depositions" by remote means. *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996). These realities may be why Texas state courts allow remote depositions to proceed without need for a court order or party stipulation. *See* TRCP 199.1(b) ("A party may take an oral deposition by telephone or other remote electronic means if the party gives reasonable prior written notice of intent to do so.").

Allowing remote depositions is particularly unobjectionable when other attorneys may still attend the deposition in person, as Plaintiff's proposal permits. "[I]f the party seeking the deposition is prepared to conduct its portion without a face-to-face encounter with the witness, ***there is no reason not to permit it to do so***, with any other party free to question the witness in person, thus avoiding any prejudice while reducing expenses." *Cressler,* 170 F.R.D. at 22 (emph. added) (quoting *Fireman's Fund Ins. Co. v. Zoufaly*, No. 93 CIV. 1890 (SWK), 1994 WL 583173, at *1 (S.D.N.Y. Oct. 21, 1994)); *see also Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 432 (M.D.N.C. 1986) (allowing objecting

defendants to attend videoconference deposition in person "would eliminate all of defendants['] concerns and still accommodate plaintiff's desires as well.")

For these reasons, the party opposing the taking of depositions by videoconference or other remote means ultimately "has the burden to establish good cause as to why they should not be conducted in such manner." *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008) (granting motion for leave to take depositions by videoconference).

Defendants have utterly failed to meet their burden to show why remote depositions should not be permitted under Plaintiff's proposed conditions. Defendants do not explain why Plaintiff's proposal would disadvantage them in any way.[1] They only wish to preserve their ability to negotiate whether to stipulate to a particular remote deposition. But counsel's experience has been that parties may strategically delay providing consent to a remote deposition—or refuse consent altogether—to impose costs or deter a long-distance deposition from going forward at all. Especially during the heat of late-case discovery, much of the cost savings of remote depositions are wasted if the parties have to brief disputes on whether a particular remote deposition is appropriate on a case-by-case basis.

---

[1] In a draft sent at 5:35pm on the day this filing was due, Defendants for the first time offered a concrete argument against Plaintiff's proposal. Among other things, Defendants stunningly contend that allowing remote depositions would lower Plaintiff's costs too much and make it too easy for Plaintiff to prosecute its case. In so arguing, Defendants have made clear that their real interest is in increasing Plaintiff's cost of litigation—not deferring this issue for negotiation on a case-by-case basis in good faith.

<u>*Defendants' Position:*</u>

The Federal Rules of Civil Procedure contemplate that depositions will be taken by oral deposition. Absent a stipulation, parties must conduct discovery in compliance with the Federal Rules. *See, e.g.*, *U.S. Steel Corp. v. United States*, 43 F.R.D. 447, 450-451 (S.D.N.Y. 1968) ("It is elementary that in the absence of agreement between the parties an oral deposition must be taken in compliance with the rules"); *Perales v. Town of Cicero*, 2012 U.S. Dist. LEXIS 30426, *3-*4 (N.D. Ill. Mar. 6, 2012) (in absence of stipulation, there must deposition officer present at deposition who is duly-qualified for each method of recording deposition). The parties may stipulate—or the court may *on motion* order—that *a deposition* be taken by telephone or other remote means. FED. R. CIV. P. 30(b)(4). But without the agreement of the parties, the Rules do not contemplate, nor do they authorize the taking of all depositions in a case by telephonic or remote means.

The case law Plaintiff cites in support of its request for a blanket order authorizing all depositions to be taken by telephone, videoconference, or other remote means, contemplates exactly what Defendants are suggesting—that the propriety of taking of remote depositions be analyzed on a case-by-case basis. In the absence of an agreed stipulation, it should be the Plaintiff's burden to show why the Court should enter a *blanket order* modifying the Federal Rules of Civil Procedure for all depositions taken in the case. In none of the cases Plaintiff cites did a court issue a *blanket order* that *any* deposition in a case could be conducted remotely. Indeed, Plaintiff has cited no case supporting the astonishingly novel proposition that, without consideration of any facts or circumstances, every deposition in a case can be conducted remotely.

Plaintiff cites *Brown v. Carr*, 353 F.R.D. 410, 412 (S.D. Tex. 2008) for the proposition that the party opposing depositions by remote means "has the burden to establish good cause as to why they should not be conducted in such manner." Respectfully, Plaintiff misstates the holding in *Brown*. *Brown* held that the party seeking to take depositions by video-teleconferencing must establish a legitimate reason for its motion; only after the moving party has established a legitimate reason for such a deposition does the burden shift to the opposing party to establish good cause as to why such a deposition should not be taken. The party seeking to depose a witness by remote means bears the initial burden. And other than to argue here that the parties might realize potential cost savings, Plaintiff has made no showing as to why they need to take any particular deposition remotely in this case—and certainly not why all depositions in this case—should be taken by remote means. *Brown* does not support Plaintiff's position for a second reason. It was a *pro se* prisoner case. In that case, Brown was granted leave to take two video depositions because he was incarcerated and could not otherwise attend the deposition.

Based on past experience with Plaintiff's counsel in a prior case, the Defendants do not believe that a blanket order permitting remote depositions would provide Defendants any substantial cost savings. The blanket order requested by Plaintiff, if granted, would enable Plaintiff to notice a multitude of depositions of Defendants' employees around the country and attend them by telephone, while requiring Defendants to travel around the country or even outside the U.S. to prepare and properly defend those depositions. The limitation of 75 hours for depositions would not address this concern

because even a twenty-minute deposition of Defendants' employees would require many hours or travel and witness preparation and be expensive for the Defendants.

Dated: July 14, 2016

Respectfully submitted,

<u>/s/ Larry D. Thompson, Jr.</u>
Larry D. Thompson, Jr. (lead attorney)
Texas Bar No. 24051428
larry@ahtlawfirm.com
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Kris Y. Teng
Texas Bar No. 24079443
kris@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000
(713) 581-3020 fax

Stafford Davis
State Bar No. 24054605
THE STAFFORD DAVIS FIRM, PC
305 S. Broadway, Suite 406
Tyler, Texas 75702
(903) 593-7000
sdavis@stafforddavisfirm.com

*Attorneys for Better Mouse Company, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of July 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Larry D. Thompson, Jr.*
Larry D. Thompson, Jr.

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Plaintiff met and conferred with counsel for Defendants via email regarding this motion, and that this motion to enter the proposed Discovery Order after resolution of the parties' disputes is unopposed.

/s/ *Larry D. Thompson, Jr.*
Larry D. Thompson, Jr.