**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BETTER MOUSE COMPANY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ETEKCITY CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 2:16-cv-270<br>**(Consolidated Lead Case)** |

# DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.  **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

1

    (e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f)    any settlement agreements relevant to the subject matter of this action; and

    (g)    any statement of any party to the litigation.

**2.**    **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    (a)    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

    (b)    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

**3.**    **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

    (a)    provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

       party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

       **P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with: interrogatories, requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, nonparty depositions, and document subpoenas to third parties, subject to the limitations set forth in this paragraph:

(a) **Interrogatories.** Plaintiff may serve up to 25 common interrogatories stated identically on Defendants, and Plaintiff further may serve up to 10 additional interrogatories on each Related Defendant Group.[2] Defendants may collectively serve up to 25 common interrogatories stated identically on Plaintiff, and each Related Defendant Group further may serve up to 10 additional interrogatories on Plaintiff.

(b) **Requests for Admission.** Plaintiff may serve up to 10 common requests for admission stated identically on Defendants and each serve up to 30 individual requests for admission on each Related Defendant Group individually, and Defendants may serve up to 10 common requests for admission stated identically on Plaintiff and each Related Defendant Group may serve up to 30 individual requests for admission on Plaintiff.  There is no limit on the number of requests for admission that the parties may serve to establish the authenticity of documents.  Requests for admission directed to document authentication shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations stated above.

(c) **Fact Depositions.** Plaintiff may take up to a total 40 hours of depositions (including 30(b)(6) depositions) of each Related Defendant Group and its current employees (with former employees not counting toward this limit).  Defendants, jointly, may take no more than a maximum of 60 hours of depositions (including

---

[2] "Related Defendant Group" shall refer to any collection of Defendant business entities that are related to each other.  Currently, the Related Defendant Groups are: (1) Etekcity Corporation, (2) PC Gear Head, LLC d/b/a Gear Head, (3) DOV Enterprises, Inc. d/b/a Sharkk and Sharkk LLC, and (4) SDI Technologies Inc. d/b/a iHome.

30(b)(6) depositions) of Plaintiff and its current employees (with former employees not counting toward this limit).  In addition, each side may take up to 75 hours of third-party depositions. For the avoidance of doubt, the named inventor of the patent-in-suit shall be deemed a third-party, unless he is an employee of any party at the time of the deposition.  Any deposition in which live translation is used shall be limited to fourteen (14) hours, only seven (7) hours of which will count against the party's total deposition time in this action.

(d) **Depositions of Experts.** Plaintiff and each Related Defendant Group may each designate up to three testifying expert witnesses. Depositions of experts shall be limited to one day of 7 hours per report provided, but if the expert witness issues a report addressing infringement or damages issues regarding multiple Related Defendant Groups in this action, for that report, the expert witness may be deposed for an additional two hours for each additional Related Defendant Group. The parties shall endeavor in good faith to resolve any reasonable requests for additional time with expert witnesses.

(e) **Third Party Discovery.**  The parties may serve as many document subpoenas on third parties and as many subpoenas for depositions on written questions of custodians of business records of third parties as needed.

Any party may later move to modify these limitations for good cause.

6. **Privileged Information.**   There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or

information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

    (d)    Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

    (e)    Any change to a party's lead attorney designation must be accomplished by motion and order.

    (f)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.    **Proposed Stipulations by the Parties Regarding Discovery.**

    (a)    Intentionally left blank.

    (b)    **Privilege Logs.** Documents or information that were created or conveyed on or after the filing date of the original complaints in this or related matters that are protected by attorney-client privilege, work product doctrine, protection for trial preparation materials, common interest or joint defense privileges, or any other

applicable privilege or protection, shall not be included in the privilege log, except to the extent otherwise agreed by the parties or ordered by the Court.

(c) Intentionally left blank.

(d) **Service by Electronic Mail.** If a party serves documents on another party by email, it shall email them to the email address for each counsel of record for that party, and to any email address designated for such service by a party's outside counsel

(e) Intentionally left blank.

(f) **Third Party Discovery.** A party who serves a subpoena in this matter on a third party shall immediately provide a copy to the other party. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within three (3) business days. Where reproduction of documents within three business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.

(g) **Depositions by Videoconference, Telephone, or Other Remote Means.** To reduce litigation costs, any party may take a deposition by videoconference, telephone, or other remote means, rather than in person.  An attorney defending such a deposition may appear in person or via videoconference, telephone, or other remote means, at his or her option, as may any other attorney that wishes to appear at that deposition.

(h) Intentionally left blank.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/page1.shtml?location=info:judge&judge=17. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**SIGNED this 13th day of January, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE